Hillsborough,  
Feb. 4, 1947. } No. 3610.

CHARLES BROUILLETTE *v.* J. F. McELWAIN CO.

*John D. Warren* and *Albert Terrien* (*Mr. Terrien* orally), for the plaintiff.

*Alvin A. Lucier* and *Robert Shaw* (*Mr. Lucier* orally), for the defendant.

BRANCH, C. J.   The plaintiff was employed by the defendant as a fireman and watchman.  At the time of his injury he was engaged in firing a boiler in defendant's factory and was burning waste material which was collected from the upper floors and deposited in the boiler room for this purpose.  It was his claim that as he was undertaking to throw a shovelful of waste into the boiler it "exploded" in the shovel and caused him severe injuries by burning.  The plaintiff testified regarding the occurrence as follows: "I got the fourth one [shovelful] just as she hit the lip of that door, there was a commotion, puff, just like that, and I dropped the shovel and it exploded right into my shovel.  I must have went back about eight feet close to that iron support, post, described here, iron post."

There was evidence that the waste material which the plaintiff was required to use contained at this time an unusual quantity of rags and waste which had been soaked in kerosene, gasoline and oil and

used in cleaning the machinery during the annual repair week which immediately preceded the accident. It was the position of the defendant that this material, although highly inflammable, was not explosive and consequently that the plaintiff could not have been injured by an explosion as he claimed. It was the contention of the defendant that the plaintiff was burned by a flare-back, so-called, from the boiler, which is one of the ordinary dangers of a fireman's job, one about which the plaintiff knew and of which he assumed the risk. The defendant argued that the plaintiff could not recover unless it was shown that he was injured by an explosion which the defendant should have anticipated and against which it should have taken precautions.

This contention cannot be adopted. Plaintiff's case did not depend upon the accuracy of the terminology in which the accident was described by him. From his description of the accident, quoted above, it might be found that the material in his shovel was suddenly ignited and caused his injury although the occurrence was improperly described by him as an explosion, and this was the basis upon which the case was sent to the jury by the Court, whose charge was in part as follows: "Now, in this particular case, the issues have been narrowed to the question as to whether or not the material, that is, this waste matter to be used by the plaintiff in firing the boiler, contained substances which were dangerous or hazardous for that purpose. If you find that the material was dangerous or unfit for the purpose for which it was to be used, and that the defendant's agents knew or in reason ought to have known of its hazard, an obligation existed upon the part of the defendant to warn the plaintiff of this danger . . ." The Trial Court in this passage accurately summarized the issues in the case as then presented, of which the jury were the sole judges. The motions for a nonsuit and a directed verdict were properly denied.

The defendant requested the Court to charge the jury as follows: "(2) If you find an explosion, in fact, occurred, the defendant is still not liable unless you find that the defendant knew or ought to have known that the material to be burned contained volatile or explosive substances and failed to warn the plaintiff thereof." The substance of this request was sufficiently covered by the passage from the charge above quoted, which made knowledge that "the material was dangerous or unfit for the purpose for which it was to be used" a condition of defendant's liability.

*Judgment on the verdict.*

All concurred.